FILED
U.S. District Court
District of Kansas
08/18/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**STEPHEN ALBERT GENTRY,**

**Petitioner,**

**v.** **CASE NO. 26-3282-JWL**

**STATE OF KANSAS,**

**Respondent.**

**MEMORANDUM AND ORDER**

This matter is a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner Stephen Albert Gentry, a state prisoner currently incarcerated at Lansing Correctional Facility in Lansing, Kansas. For the reasons set forth below, this matter must be dismissed without prejudice for lack of jurisdiction. If Petitioner wishes to pursue federal habeas relief related to his 2016 convictions, he must obtain authorization to do so from the United States Court of Appeals for the Tenth Circuit before filing a petition in this Court.

**Background**

Petitioner is incarcerated under a sentence the District Court of Saline County, Kansas imposed in 2016 after a jury convicted him of first-degree murder, attempted first-degree murder, criminal discharge of a firearm at an occupied vehicle, and conspiracy to commit aggravated battery. (Doc. 1, p. 1-2.) Petitioner pursued a direct appeal, but in 2019, the Kansas Supreme Court affirmed his convictions and vacated part of the restitution order. *See State v. Gentry*, 310 Kan. 715, 738 (2019).

In November 2020, Petitioner filed in this Court a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2016 first-degree murder and attempted first-degree murder

convictions. *See Gentry v. Kansas*, Case No. 20-cv-3280-SAC, Doc. 1. "On the first-degree murder charge, Petitioner allege[d] the trial court improperly failed to instruct the jury on the lesser included offense of voluntary manslaughter. On the attempted first-degree murder charge, he claim[ed] the trial court should have instructed the jury on the lesser included offense of attempted voluntary manslaughter." *Gentry v. Kansas*, 2021 WL 1516423, *1 (D. Kan. Apr. 16, 2021). In April 2021, United States Senior District Judge Sam A. Crow denied the petition. *See id.* at *3.

Judge Crow first held that Petitioner could not obtain federal habeas relief based on his arguments that the trial judge violated state law by excluding the jury instructions because "'[f]ederal habeas relief does not lie for errors of state law.'" *Id.* at *1 (quoting *Estelle v. McGuire*, 502 U.S. 62, 67 (1991)). Although habeas relief is available on state law claims of error if—and only if—"the error 'was so grossly prejudicial that it fatally infected the trial and denied the fundamental fairness that is the essence of due process,'" Judge Crow found that Petitioner "made no such showing." *Gentry*, 2021 WL 1516423 at *1-2 (quoting *Hooks v. Workman*, 689 F.3d 1148, 1180 (10th Cir. 2012)). Next, Judge Crow held that Petitioner could not obtain federal habeas relief based on his arguments that the exclusion of the jury instructions violated the federal Constitution because the Kansas Supreme Court had found those arguments were not preserved for appeal and had refused to consider them. *Gentry*, 2021 WL 1516423 at *2.

Finally, Judge Crow held that he could not grant federal habeas relief based on Petitioner's claims because the Tenth Circuit has established "a rule of 'automatic non-reviewability' for habeas claims based on a trial court's failure to give a lesser-offense instruction in noncapital cases." *Id.* at *2 (quoting *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004)). Thus, Judge Crow denied the petition and declined to issue a certificate of appealability. *Id.* at *2-3. Petitioner did not appeal the denial.

Liberally construing the pro se petition now before this Court, it appears that Petitioner returned to the Kansas state courts and sought state habeas relief from his convictions by filing motions for relief under K.S.A. 60-1507. (Doc. 1, p. 2.) Then, on August 3, 2026, Petitioner began this case by filing a second petition for writ of habeas corpus under § 2254. (Doc. 1.) He again seeks to challenge his 2016 convictions. *Id.* at 1.

**Analysis**

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts requires the Court to review each habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254. Under 28 U.SC. § 2244(b), "the filing of a second or successive § 2254 application is tightly constrained." *Case v. Hatch*, 731 F.3d 1015, 2026 (10th Cir. 2013). "The phrase 'second or successive petition' is a term of art" with a specific meaning in this context. *See Slack v. McDaniel*, 529 U.S. 473, 486 (2000). It requires that the prior habeas petition was adjudicated "on its merits." *Id.*

As noted above, Petitioner's first federal habeas petition was adjudicated on its merits; Judge Crow denied it because none of Petitioner's arguments could lead to federal habeas relief. *See also Clark v. O'Brien*, 399 F. App'x 397, (10th Cir. 2010) (unpublished) (recognizing as a decision on the merits the district court's holding that "an allegation of state trial error did not present a federal question cognizable in a federal habeas action"); *Schwartz v. Neal*, 228 F. App'x 814, 816 (10th Cir. 2007) (unpublished) (recognizing that federal habeas claims denied due to procedural default were disposed of "on the merits," making a later § 2254 petition second or successive). Thus, the § 2254 petition now before the Court is a "second or successive" § 2254

petition.[1] In anticipation of the potential for application of the law barring second or successive habeas petitions, Petitioner argues in an attachment to this petition that he has timely presented his issues.[2] This Court is not currently concerned with timeliness. The federal habeas petition that began this case is a second or successive petition. As explained below, because Petitioner did not obtain authorization from the Tenth Circuit before filing the current petition in this Court, this Court must dismiss it.

Under federal law, before a petitioner may proceed in a second or successive application for habeas corpus relief, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). There is no indication that Petitioner has obtained from the Tenth Circuit the required preauthorization to file a "second or successive" petition. This Court lacks jurisdiction to consider unauthorized second or successive petitions for § 2254 relief. Thus, the Court must either dismiss the petition or, if it is in the interest of justice, transfer it to the Tenth Circuit for possible authorization to proceed. *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008). The Court concludes that transfer of this matter would not serve the interest of justice, so it will dismiss this matter without prejudice for lack of jurisdiction. If Petitioner wishes, he may independently apply directly to the Tenth Circuit for authorization[3] to proceed in a second or successive § 2254 petition.

---

[1] The fact that Petitioner now raises different issues than he did in his first federal habeas petition does not affect whether the current petition is second or successive. *See McGill v. Rankin*, 2023 WL 3716817, *2 (10th Cir. May 30, 2022) (unpublished).

[2] It appears that Petitioner may be confused about the relationship between this Court and the Kansas state courts. (*See* Doc. 1, p, 16 ("If this motion is denied by the District Court without legal cause, then Stephen Gentry wants to appeal to the Kansas Court of Appeals.").) The Court understands Petitioner's pro se status and, although it cannot give Petitioner legal advice, it clarifies that the United States District Court for the District of Kansas—this Court—is a *federal* district court. Generally speaking, and only when done in conformity with all applicable law, appeals from rulings of this Court are taken to the United States Court of Appeals for the Tenth Circuit, a *federal* appeals court. Federal courts and state courts are separate, yet similar, systems. Kansas *state* district courts render decisions which may, under certain circumstances, be appealed to the Kansas Court of Appeals and/or the Kansas Supreme Court. The appeal of a federal district court's decision would not be considered by a state court of appeals.

[3] The form for seeking this authorization—and instructions—may be found on the Tenth Circuit's website, www.ca10.uscourts.gov, in the "Forms" section, titled "Successive 2244 Form (for section 2254 habeas cases)."

**Certificate of Appealability**

Under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "the district court must issue or deny a certificate of appealability [(COA)] when it enters a final order adverse to the applicant."

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural ruling in this matter is not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is **dismissed without prejudice** as an unauthorized second or successive petition under 28 U.S.C. § 2254 which the Court lacks jurisdiction to consider. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED: This 18th day of August, 2026 at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge